IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-247-D

RICHARD JOHN PETERSON,          )
                                )
            Plaintiff,          )
                                )
     v.                         )     **ORDER**
                                )
NANCY A. BERRYHILL,             )
Acting Commissioner of Social Security,  )
                                )
            Defendant.          )

On February 8, 2017, Magistrate Judge Swank issued a Memorandum and Recommendation ("M&R") [D.E. 17]. In the M&R, Judge Swank recommended that plaintiff's motion for judgment on the pleadings be granted [D.E. 12], defendant's motion for judgment on the pleadings be denied [D.E. 14], and defendant's final decision denying the request for benefits be remanded to the Commissioner. See [D.E. 17]. On February 22, 2017, defendant filed objections to the M&R [D.E. 18]. On March 8, 2017, plaintiff responded [D.E. 19].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. §636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and defendant's objections. As for those portions of the M&R to which defendant made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which defendant objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a reasonable mind "might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Walls, 296 F.3d at 290; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Defendant's objections restate the arguments made to Judge Swank concerning the weight the ALJ gave to plaintiff's treating physicians and how the ALJ determined plaintiff's RFC. Compare [D.E. 15] 12–21, with [D.E. 18] 2–10. Judge Swank applied the proper legal standards. See M&R 2–14. Accordingly, the court adopts the M&R and overrules the objections.

In sum, defendant's objections to the M&R [D.E. 18] are OVERRULED, plaintiff's motion

2

for judgment on the pleadings [D.E. 12] is GRANTED, defendant's motion for judgment on the pleadings [D.E. 14] is DENIED, and the action is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g).

SO ORDERED. This 13 day of March 2017.

JAMES C. DEVER III
Chief United States District Judge